**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**FAIRWAY MEDICAL CENTER, L.L.C.**                    **CIVIL ACTION**

**VERSUS**                                            **NO. 16-3782**

**MCGOWAN ENTERPRISES, INC.**                         **DIVISION (3)**

**ORDER**

Before the Court is the *Unopposed* Motion for Approval of Attorneys' Fees and Expenses and for Service Award. [Doc. #56]. As noted in its title, no opposition has been filed, and counsel for defendant represented at the class action fairness hearing that defendant would not oppose it. Having reviewed the pleadings and the law, the Court rules as follows.

## I.      Facts and Procedural History

The underlying facts of this lawsuit are unimportant to the resolution of this motion, apart from noting that this is a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* Plaintiff accused defendant of inundating its fax machine with junk faxes.

After consenting to proceed before the undersigned, on November 27, 2017, the parties filed an *ex parte* motion for preliminary approval of a settlement [Doc. #49], which this Court granted the following day. [Doc. #50].  The pleading informed the Court that the parties had settled for a lump sum in the amount of $3,250,00.00. On December 13, 2017, the parties filed an *ex parte* motion to establish a qualified settlement fund, [Doc. #54], which this Court also granted the following day.  [Doc. #55].  Both parties then filed briefs in support of the final approval of class settlement.  [Doc. #58 & #59].  On March 20, 2018, this Court held a fairness hearing at which both counsel articulated the terms of the settlement.  After proper notice, no class member had opted out of the class, and none had objected to the settlement.  The Court therefore granted the

motion for final approval of the class action settlement the same day. [Doc. #60]. Counsel for plaintiffs now move for their attorneys' fees and costs, which, as noted, is unopposed by defendant.

## II.     Law and Analysis

### A.     Fees of Class Counsel

It is well established that when a representative party has conferred a substantial benefit on a class, counsel is entitled to attorneys' fees based upon the benefit obtained. *Boeing Co. v. Van Gernert*, 444 U.S. 472, 478 (1980). In cases such as this, where a common settlement fund is established, courts have recognized that appropriate fee awards encourage redress for wrongs caused to entire classes of persons and deter future misconduct of a similar nature. *See, e.g., Mashburn v. Nat'l Healthcare, Inc.*, 684 F. Supp. 660, 687 (M.D. Ala. 1988); *see also Deposit Guar. Nat'l Bank v. Rope*, 445 U.S. 326, 338-39 (1980).

In settlement fund cases, courts traditionally use one of two methods for determining attorneys' fees: (1) the percentage method, in which the court awards fees as a reasonable percentage of the settlement fund; or (2) the lodestar method, in which the court computes fees by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate and, in its discretion, applying an upward or downward multiplier. *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 642-43 (5th Cir. 2012).

In *Dell*, the Fifth Circuit clarified its previous decision in *In re: High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220 (5th Cir. 2008), and held that the lodestar method is not required in assessing attorneys' fees in class action suits with a common settlement fund. Rather, the *Dell* court "endorse[d] the district court's . . . use of the percentage method" when calculating attorneys' fees in common fund class action cases. *Id.* at 644. When using the "percentage

method[,] . . . the court awards fees as a reasonable percentage of the common fund." *Id.* at 642. "[D]istrict courts in [the Fifth] Circuit regularly use the percentage method," which "allows for easy computation[,] . . . aligns the interests of class counsel with those of the class members" and "reduces incentives to protract litigation." *Id.* at 643; *see also Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291, 311 (S.D. Miss. 2014) (adopting percentage approach and awarding one-third of the four-million dollar common fund); *In re Vioxx Prods.. Liab. Litig.*, MDL No. 1657, 2013 WL 5295707, at \*3 (E.D. La. Sept. 18, 2013) (adopting the percentage-of-the-fund approach to calculate attorneys' fees in a common fund class action case). "It is not unusual for district courts in the Fifth Circuit to award percentages of approximately one third." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714 at 729 (E.D. La. 2008).

In *Braud v. Transport Service Co. of Illinois*, Civ. A. No. 05-1898, 2010 WL 3283398 (E.D. La. Aug. 17, 2010), this Court stated that "the Fifth Circuit has recognized the propriety of the percentage fee method in situations in which each member of a class has an undisputed and mathematically ascertainable claim to part of [a] judgment." *Id.* at \*9. As a result, the undersigned applied the percentage fee method in accordance with the case law in this circuit and at the request of counsel. *Id.* The Court finds that the *Braud* case and this lawsuit are identical in that the class members in both class actions received/will receive a mathematical ascertainable claim to the total settlement fund. Given the sound policy considerations for applying the percentage method, as well as the trend in this district for adopting this method, this Court likewise adopts the percentage method in this case. *See In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, 2015 WL 4528880, at \*23 (E.D. La July 27, 2015) (awarding one-third of settlement amount without lodestar cross-check); *Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291, 310 (S.D. Miss. 2014) (awarding one-third fee

of $4 million settlement amount without lodestar cross-check); *Burford v. Cargill, Inc.*, Civ. A. No. 05-283, 2012 WL 5471985, at *1 (W.D. La. Nov. 8, 2012) (awarding one-third without performing lodestar cross-check).

Courts in the Fifth Circuit that utilize the percentage method then apply the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to cross check the reasonableness of the percentage. Once a benchmark percentage is established, the *Johnson* factors are utilized by the Court to determine if an upward or downward adjustment is warranted. *See Kemp v. Unum Life Ins. Co. of Am.*, Civ. A. No. 14-944, 2015 WL 8526689 (E.D. La. Dec. 11, 2015).

Here, the parties reached an agreement on the payment of attorneys' fees after reaching an agreement on settling this class action. As part of this agreement, defendant does not oppose class counsel's request for attorney fees of one-third of the $3,250,000.00 settlement amount. Class counsel's contract of representation signed by plaintiff provides for a one-third attorney fee award on all benefits. The Court thus finds that the appropriate benchmark in this case is one-third. *See, e.g., In re: Pool Prods. Distrib. Mkt. Antitrust Litig.*, MDL No. 2328. 2016 WL 235781 (E.D. La. Jan. 20, 2016) (awarding one-third of the settlement fund for expenses only, noting that, "this is the same amount that would have resulted if class counsel had requested an award consisting of both expenses and attorneys' fees of one-third the settlement fund, which, as the Court has already noted, is consistent with awards that other courts in this Circuit have found to be reasonable."); *Kemp*, 2015 WL 8526689, at *8-10 (approving one-third attorneys' fees, plus expenses from a $3,738,402.00 settlement fund); *Vioxx*, 2013 WL 5295707, at *4 (setting one-third set as the benchmark); *Burford*, 2012 WL 5471985, at *2 (setting benchmark at one-third in light of the

settlement agreement, contract of representation, Fifth Circuit precedent, and the affidavits in the record); *In re Bayou Sorrel Class Action*, No. 6:04CV1101, 2006 WL 3230771 (W.D. La. Oct. 31, 2006) (awarding plaintiff's counsel fees of 36% of the common fund); *Faircloth v. Certified Fin. Inc.*, No. Civ. A. 99-3097, 2001 WL 527489 (E.D. La. May 16, 2001) (awarding 35% of settlement value); *In re: Shell Oil Refinery*, 155 F.R.D. 552 (E.D. La. 1993) (approving aggregate of one-third of plaintiffs' committee and stating that "district courts in the Fifth Circuit have awarded percentages of approximately one-third contingency fee.").

In *Kemp*, the Court recently approved one-third attorneys' fees, plus expenses, from a $3,738,402.00 class action settlement fund. 2015 WL 8526689, at *8-10 (E.D. La. 2015). In *Kemp*, the Court used the one-third percentage as the benchmark, noting that the attorney fee award was provided for in the settlement agreement, that class counsel's contract with the class representative provided for a one-third fee, and that significant Fifth Circuit precedent supported the award. *Id.* The Court held that it was not unusual that courts in the Fifth Circuit award percentages of one-third, and therefore such an award of one-third was a reasonable benchmark. *Id.*

As noted above, after the Court sets the percentage fee, it must determine whether an attorney fee award is reasonable, and whether an upward or downward adjustment is warranted from the aforementioned benchmark, courts consider the following factors: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation,

and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

Having considered the *Johnson* factors carefully and plaintiff's briefing, the Court finds that no factor weighs in favor of a negative adjustment to the one-third percentage fee. Plaintiff and its counsel argue only that the *Johnson* factors support an upward adjustment if the Court sets a lower fee. Because this Court has not, the Court need not consider this argument.

## B. Service Award

Courts have held that service awards are an efficient and productive way to encourage members of a class to become class representatives. *See In re Catfish Antitrust Litig.*, 939 F. Supp. 493, 503-504 (N.D. Miss. 1996); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 973 (E.D. Tex. 2000) (approving incentive awards of $25,000 to each of the two named plaintiffs); *Spicer v. Chi. Bd. Options Exchange, Inc.*, 844 F. Supp. 1226, 1267-68 (N.D. Ill. 1993) (reviewing cases where incentive awards range from $5,000.00 to $100,000.00, and approving $10,000.00 to each named plaintiff).

Here, Fairway Medical Center, L.L.C. ("Fairway") acted as the lone class representative. Fairway also submitted itself to numerous meetings with class counsel during the pendency of the lawsuit. Most importantly, defendant offered Fairway $75,000.00 to settle this case at the outset of this matter. Fairway, however, declined this amount so that it could proceed with the class action and benefit the class. As such, Fairway played a significant role in achieving a substantial settlement that benefitted a large class of people and entities. The Court finds that the requested service award of $75,000.00 is reasonable and thus approves it.

**III.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the *Unopposed* Motion for Approval of Attorneys' Fees and

Expenses and for Service Award [Doc. #56] is GRANTED.

New Orleans, Louisiana, this 27th day of March, 2018.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**